**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 18-134-DLB**

**MICHAEL L. SIZEMORE**                                                               **PLAINTIFF**

**vs.**                                   **<u>MEMORANDUM OPINION & ORDER</u>**

**NANCY A. BERRYHILL, Commissioner
of Social Security Administration**                                                 **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, and for the reasons set forth herein, will **affirm** the Commissioner's decision.

**I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

On April 21, 2015, Plaintiff Michael L. Sizemore filed a Title II application for a period of disability and disability insurance benefits. (Tr. 200-207). The application alleged a disability onset date of April 20, 2010, when Sizemore was thirty-four years old.[1] (Tr. 200). Sizemore alleged that he was unable to work due to a severe concussion he sustained, as well as a back injury, neck injury, injuries to his shoulders, a left-knee injury, major depression, liver disease, rheumatoid arthritis, and high blood pressure. (Tr. 239). The application was denied initially and on reconsideration. (Tr. 134, 145). At Plaintiff's

---

[1]     Sizemore subsequently amended his onset date to April 30, 2011, and later to April 21, 2014. (Tr. 43, 239).

request, an administrative hearing was conducted on January 26, 2017, before Administrative Law Judge (ALJ) Dennis Hansen. (Tr. 39). On May 11, 2017, ALJ Hansen ruled that Plaintiff was not entitled to benefits because he was not disabled within the meaning of the Social Security Act through September 30, 2014, the date last insured. (Tr. 21-33). This decision became the final decision of the Commissioner on March 20, 2018, when the Appeals Council denied Plaintiff's request for review. (Tr. 1).

Plaintiff filed the instant action on April 25, 2018, alleging that the ALJ's decision was not supported by substantial evidence, was contrary to law, and applied the incorrect standards. (Doc. # 2 at 2). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 13 and 15).

## II. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be

affirmed, even if there is evidence favoring Plaintiff's side. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

### B.     The ALJ's Determination

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant has engaged in substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The burden of proof rests with the claimant on Steps One through Four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). As to the last step, the burden of proof shifts to the Commissioner to identify "jobs in the economy that accommodate [the claimant's] residual functional capacity." *Id.* The ALJ's determination becomes the final decision of the Commissioner if the Appeals Council denies review, as it did here. *See Thacker v. Berryhill*, No. 16-CV-114, 2017 WL 653546, at *1 (E.D. Ky. Feb. 16, 2017); (Tr. 1-7).

Here, as an initial matter, the ALJ found that Plaintiff Sizemore last met the insured status requirements of the Social Security Act on September 30, 2014. (Tr. 27). At Step One, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of April 21, 2014, through the last-insured date of

September 30, 2014. *Id.* At Step Two, the ALJ determined that the Plaintiff had the following severe impairments through the last-insured date: degenerative disc disease, rheumatoid arthritis, status post-bilateral shoulder surgery, anxiety, depression, and post-traumatic stress disorder. *Id.* At Step Three, the ALJ concluded that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 28).

At Step Four, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) through the last-insured date to perform light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [Sizemore] can never reach overhead; can frequently reach in all other directions; can frequently climb, stoop, kneel, crouch, and crawl; can frequently handle, finger, and feel [and] [m]entally, he can understand and remember simple instructions and carry out simple tasks.

(Tr. 29). Based upon this RFC and relying upon the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff was unable to perform his past relevant work as a company laborer and machine mechanic. (Tr. 32). Thus, the ALJ proceeded to Step Five where he determined, informed by the testimony of the VE, that there were other jobs that existed in significant numbers in the national economy that Plaintiff Sizemore could have performed through the last-insured date. *Id.* Accordingly, ALJ Hansen ruled that Plaintiff was not entitled to benefits because he was not disabled within the meaning of the Social Security Act through September 30, 2014, the date last insured. (Tr. 33).

**C. Analysis**

Plaintiff advances two arguments in support of his dispositive motion; first, that the ALJ's finding is not supported by substantial evidence, and, second, that the

Commissioner failed to properly evaluate Plaintiff Sizemore's subjective complaints of pain. (Doc. # 13-1 at 2). The Court will consider each argument in turn.

### 1. The ALJ's RFC determination is supported by substantial evidence.

The Plaintiff generally complains that the ALJ's RFC determination is not supported by substantial evidence. This argument is without merit. An RFC is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996). At its core, the RFC is "what an individual can still do despite his or her limitations." *Id.* "In assessing the total limiting effects of [the claimant's] impairment(s) and any related symptoms, [the ALJ] will consider all of the medical and nonmedical evidence" in the record. 20 C.F.R. § 404.1545(e). The ALJ is only required to incorporate those limitations that he or she finds credible in the RFC assessment. *Irvin v. Soc. Sec. Admin.*, 573 F. App'x 498, 502 (6th Cir. 2014) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

In support of his vague complaint that the RFC determination was not supported by substantial evidence, Plaintiff asserts generally that "the ALJ failed to properly evaluate the medical evidence that had been submitted in this claim," because he "suffers from additional impairments which the ALJ has failed to set forth in his decision. (Doc. # 13-1 at 11). Plaintiff argues that "[w]hen the record in this case is considered in its entirety, the combined effects of Mr. Sizemore's physical and mental impairments, reflect that he could not perform a wide range of even sedentary work on a regular and sustained basis." *Id.*

at 10. Plaintiff insists that the ALJ's RFC determination was improper because it reflects "selective inclusion of only portions of the pertinent evidence which cast the claimant in an unfavorable light." *Id.* (citing *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002)).

This argument amounts to an allegation that the ALJ cherry-picked evidence to support the RFC finding. Such an allegation "is seldom successful," however, "because crediting it would require a court to re-weigh record evidence." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014). That is not the role of this Court. "When deciding . . . whether substantial evidence supports the ALJ's decision, [courts] do not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

The only argument Plaintiff Sizemore asserts with any specificity in support of this claim that the ALJ failed to address the entirety of the medical evidence is that the ALJ "failed to give sufficient weight to [Plaintiff's] long history of anxiety disorder and depression" and "failed to address [that] Mr. Sizemore has had prior surgery on his left knee [and] has had nerve conduction studies of his legs and feet which revealed deterioration of the muscles that were tested." (Doc. # 13-1 at 11). Review of the ALJ's decision, however, demonstrates that the ALJ considered the record at length and expressly noted both Mr. Sizemore's complaints of knee problems and his history of mental illness. Based on the record, the ALJ concluded that the evidence supported a finding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 30).

Specifically, the ALJ pointed to evidence in the record that "the claimant was observed to ambulate without difficulty" when he presented to an emergency room in January 2014. *Id.* Moreover, during the relatively brief period between Plaintiff's alleged disability onset date of April 21, 2014, and his last date of insured status on September 30, 2014, the ALJ notes that all the medical evidence during this time period, "both physical and mental—were consistently negative" for abnormalities. *Id.* Even expanding his review of the record past the date of last insured, the ALJ further noted that, although Plaintiff requested an orthopedic referral for his left knee in August 2015, the imaging was negative. (Tr. 31). Likewise, an April 2016 lumbar MRI "revealed only mild degenerative changes focalized at L5-S1 with a small central protrusion, but no neurological involvement, such as canal stenosis or root compression." *Id.* Further, in May 2016, Plaintiff's orthopedist concluded that nerve conduction testing of the lower extremities "'is a normal study with no evidence of denervation' to support subjective complaints of lumbar radiculopathy." *Id.* And in December 2016, notes of treating orthopedic specialist Kirpal S. Sidhu, M.D., showed "no significant neurological involvement . . . consistent with diagnosis of 'lumbar spondylosis' and 'left knee pain.'" *Id.* In sum, this evidence suggests Plaintiff Sizemore's statements concerning the intensity, persistence and limiting effects of his pain were not entirely consistent with the medical evidence and other evidence in the record.

Likewise, the ALJ considered Plaintiff's mental health in great detail, but found that the evidence supported only mild limitations for interacting with others and managing himself, and only moderate restrictions for understanding, remembering, or applying information and concentrating, persisting, or maintaining pace. (Tr. 28-29). Specifically,

7

the ALJ pointed to evidence in the record that Plaintiff enjoyed a "largely independent married lifestyle" where Plaintiff was able to addend to "a full range of personal care and hygiene without physical impediments or required reminders; caring for his children while his wife is at work; preparing at least simple meals . . . grocery shopping [and] getting to appointed places without required reminders." *Id.* The ALJ concluded that the RFC "is supported by the marginal record of treatment prior to [the last date of insured status] and the underwhelming medical evidence thereafter . . . in addition to details of the claimant's largely independent married lifestyle as the stay-at-home father of minor children." (Tr. 31). In sum, the ALJ specifically discussed the objective medical evidence associated with Plaintiff's complaints in the making of his RFC finding regarding mental health and specifically pointed to evidence in the record in support of his conclusions.

Finally, in support of his position that the RFC is not supported by substantial evidence, Plaintiff points to an April 2016 MRI showing a central protrusion at L5-S1 and x-rays of Plaintiff's shoulder revealing hypertrophy of the AC joints; Plaintiff asserts that these records support "[t]he claimant's testimony regarding his back." (Doc. # 13-1 at 11). This argument simply fails to demonstrate that Plaintiff is entitled to relief. When an ALJ examines the record as a whole and his decision is supported by substantial evidence, this Court must affirm the ALJ's decision—even if the Court might have decided the case differently. *Listenbee*, 846 F.2d at 349. By merely pointing to medical evidence in the record that the ALJ has already considered, Plaintiff is merely requesting that the Court re-weigh the evidence. This is improper. It does not matter if substantial evidence does support a finding of disability, so long as it also supports a finding of "not disabled." *Her*, 203 F.3d at 389-90 (holding that "[e]ven if the evidence could also support another

conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the decision reached") (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also Listenbee*, 846 F.2d at 349. As a result, it is irrelevant if the Plaintiff, or even this Court, believes substantial evidence supports a different disability determination. All that is required of the ALJ is that he render a decision that is supported by substantial evidence. The ALJ has done so here. While the ALJ weighed the evidence contrary to how the Plaintiff may have wanted, the ALJ did not fail to analyze the evidence in the record. *See Minor v. Comm'r of Soc. Sec.*, 513 F. App'x 417, 436 (6th Cir. 2013). Accordingly, the Court finds no error in the scope of the ALJ's analysis and concludes that the ALJ's decision was supported by substantial evidence.

### 2. The ALJ did not err in assessing Plaintiff's credibility and evaluating his subjective complaints of pain.

Plaintiff's second and final argument is that the ALJ failed to properly evaluate the Plaintiff's subjective complaints of pain. This argument also lacks merit. In determining an RFC, the ALJ must evaluate the claimant's complaints of pain, and, in doing so, the ALJ may consider the credibility of the claimant. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 806 (6th Cir. 2008). "[A]n ALJ's assessment of credibility must be supported by substantial evidence" and an ALJ's assessment of credibility is "to be accorded great weight and deference." *Walters*, 127 F.3d at 531. *See also Jones*, 336 F.3d at 474. Without more, a claimant's complaints of pain will not establish that an individual is disabled. *Amir v. Comm'r of Soc. Sec.*, 705 F. App'x 443, 449 (6th Cir. 2017).

The ALJ undertakes a two-prong assessment when evaluating a claimant's complaints of pain—first the ALJ determines if there is objective evidence of an underlying condition which could cause pain, and then the ALJ determines whether "objective

medical evidence confirms the severity of the alleged pain arising from the condition, or . . . the objectively established medical condition is of such severity that it can reasonably be expected to produce the disabling pain." *Vance*, 260 F. App'x at 806 (citing *Duncan v. Sec. of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).

Here, Plaintiff argues that the ALJ did not "assess the entirety of the medical evidence including all these additional medical problems which are resulting in additional levels of pain for Mr. Sizemore." (Doc. # 13-1 at 13). Specifically, Plaintiff notes that he "has decreased tolerance to perform any type of physical activity including sitting, standing, or walking as well as psychological difficulties which result in more difficulties in performing normal activities from a psychological standpoint." *Id.* Additionally, Plaintiff asserts that "[t]here is new information that is based upon the objective medical findings from the medical records, including diagnostic testing, as well as the consul[ta]tive exam." *Id.* However, Plaintiff's vague statements fail to specify with any reasonable particularity what "additional medical problems" or "new information" he is referring to.

Upon review of the record, the ALJ properly conducted the two-prong assessment to evaluate Plaintiff's subjective complaints of pain. First the ALJ determined that "the claimant's medially determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. 30). Regarding the second prong, however, he concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.*

Considering the medical records and opinions in the record, the ALJ noted, for example, that "[i]n January 2014, the claimant presented to the ER after 'cutting himself

with a chainsaw,' an activity that is patently inconsistent with the portrait of physical frailty and sedentary existence to which he testified at [the] hearing." (Tr. 30). As set forth in II.C.1, *supra*, the ALJ additionally discussed relevant medical evidence in reasonably determining that Plaintiff retained the RFC to perform light-exertional work through September 30, 2014. Thus, substantial evidence supports the ALJ's finding regarding the intensity, persistence, and limiting effects of Plaintiff's subjective complaints through the last date of insured status on September 30, 2014.

Moreover, even if substantial evidence exists to support Plaintiff's claim, it is improper for the Court to simply re-weigh the evidence. All that is required of the ALJ is that he render a decision that is supported by substantial evidence. The ALJ has done so here. While the ALJ weighed the evidence contrary to how the Plaintiff preferred, the Court again finds no error in the scope of the ALJ's analysis and concludes that the ALJ properly considered Plaintiff's subjective complaints of pain. *See Minor*, 513 F. App'x at 436.

## III. CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled for purposes of the Social Security Act on the date last insured was supported by substantial evidence; moreover, Plaintiff has failed to demonstrate that the ALJ's decision was contrary to law or applied incorrect standards. Accordingly,

**IT IS ORDERED** as follows:

(1) The decision of the Commissioner is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment (Doc. # 13) is hereby **DENIED**;

(3) Defendant's Motion for Summary Judgment (Doc. # 15) is hereby

**GRANTED**; and

(4) A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 1st day of February, 2019.



L:\DATA\SocialSecurity\MOOs\London\18-134 Sizemore MOO.docx